IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

| | |
|---|---|
| Katherine Watkins, )<br>)<br>Plaintiff, )<br>)<br>VS. )<br>)<br>Law Offices of Howard Lee Schiff, P.C., )<br>)<br>Defendant ) | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this District because the relevant acts and transactions took place here, Plaintiff resides here, and Defendant conducts business here.

## PARTIES

4. Plaintiff Katherine Watkins (hereinafter "Plaintiff") is a natural person who resides in the town of Fairfield, County of Somerset, State of Maine.

5. Plaintiff is a "Consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Law Offices of Howard Lee Schiff, P.C. (hereinafter "Defendant") is a business entity organized as a Professional Corporation under the laws of Connecticut and engaged in business in the State of Maine.

7. Defendant operates from an address of 1321 Washington Avenue, Portland, ME 04103.

8. Defendant is a "debt collector" both by its own admission and as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Sometime during or prior to 2007, Plaintiff incurred a financial obligation in the approximate amount of $7,734.48 with FIA Card Services, N.A., F/K/A MBNA America Bank, N.A. (hereinafter "Creditor"), which obligation was primarily for personal, family, or household purposes, and which therefore created a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card account originally ending 1190 and presently ending 6867 (hereinafter the "alleged debt").

10. The alleged debt subsequently increased to an amount of approximately $9,443.66 after interest, late fees, and finance charges were applied.

11. Sometime thereafter, Creditor hired Defendant to collect the alleged debt from Plaintiff.

12. On or about January 30, 2007, Plaintiff, in an effort to resolve the alleged debt, retained the services of The Palmer Firm, P.C. (hereinafter "The Palmer Firm"), a law firm that provides assistance to consumers struggling with consumer-related debt issues.

13. Sometime on or around April 21, 2010, Defendant and Plaintiff, through The Palmer Firm, and with the approval of Creditor, reached an agreement to settle the alleged debt for a sum of $4,000 even (hereinafter the "settlement agreement").

14. On April 22, 2010, check number 86775 (hereinafter "the check") was issued to Defendant for $4,000 as agreed.

15. All material terms of Plaintiff and Creditor's settlement agreement were satisfied when the check was forwarded to Defendant not later than April 28, 2010, resulting in a settled account (hereinafter the "settled account").

### *Collection Attempt on a Settled Account*

16. On or about August 27, 2010, Defendant contacted Plaintiff in writing in an attempt to collect $9,443.33 on the settled account, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17. The letter stated a balance of $9,443.33 on account ending 6867, and that the Defendant represented Creditor in suggesting that Plaintiff send a check for the "amount due."

18. The conduct of Defendant in contacting Plaintiff in an effort to collect a debt no longer due by pursuing collection activity on a previously settled account was a violation of multiple provisions of the FDCPA, including but not necessarily limited to 15 U.S.C. §§ 1692e(2) and 1692f.

### *Summary*

19. Plaintiff has suffered actual damages as a result of Defendant's illegal collection communication, in the form emotional distress, financial uncertainty, fear, anxiety, and extreme frustration, amongst other negative emotions.

### **TRIAL BY JURY**

20. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7. Fed.R.Civ.P.38.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

21. Plaintiff incorporates by reference and re-alleges all of the above paragraphs of this Complaint as though fully stated herein.

22. The foregoing acts of Defendant in disregarding Plaintiff's rights by attempting to collect on a settled account constitute multiple violations of the FDCPA, including but not necessarily limited to, each of the following: (a) falsely representing the character, status, or amount or legal status of an alleged debt in contravention of 15 U.S.C. § 1692e(2)(A); and (b) attempting to collect a debt that is not expressly authorized, in contravention of 15 U.S.C. § 1692f(1).

23. As a proximate result of Defendant's violations of the FDCPA, Plaintiff has suffered, as herein alleged, actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

24. As a result of Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory

damages in an amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II

## BREACH OF CONTRACT

25. Plaintiff incorporates by reference and re-alleges all of the above paragraphs of this Complaint as though fully set forth herein.

26. On or about April 21, 2010, Defendant, on behalf of Creditor, agreed in writing to consider the alleged debt, for account ending in 6867, settled upon receipt of payment in the amount of $4,000.

27. Plaintiff, through The Palmer Firm, promptly and fully performed all conditions and promises to be performed under the settlement agreement.

28. After Plaintiff fully performed all conditions of the settlement agreement, Defendant breached the agreement when, on August 27, 2010, it represented that the settled account ending in 6867 was still "due".

29. After Plaintiff fully performed all conditions of the settlement agreement, Defendant breached this implied covenant of good faith and fair dealing by representing that the alleged debt, account ending 6867, was still "due".

30. As a direct and proximate result of Defendant's breach, as herein alleged, Plaintiff has been damaged in an amount according to proof.

## COUNT III

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

31. Plaintiff incorporates by reference and re-alleges all of the above paragraphs of this Complaint as though fully set forth herein.

32. On or about April 21, 2010, Defendant, on behalf of Creditor, agreed in writing to consider the alleged debt, for account ending in 6867, settled upon receipt of payment in the amount of $4,000.

33. The agreement contained an implied covenant of good faith and fair dealing by which Defendant promised to perform under the contract in a manner standard for a professional organization; to complete the terms as promised; to perform within a reasonable timeframe; and to refrain from committing any act that would prevent or impede Plaintiff's enjoyment of the fruits of said agreement. Specifically, this covenant of good faith and fair dealing required Defendant to fairly and reasonably perform the terms of the contract and not do anything that would be detrimental to Plaintiff's interests.

34. After Plaintiff fully performed all conditions of the settlement agreement, Defendant breached an implied covenant of good faith and fair dealing when, on August 27, 2010, it represented that the settled account ending in 6867 was still "due".

35. As a direct and proximate result of Defendant's breach of this implied covenant of good faith and fair dealing, as herein alleged, Plaintiff has been damaged in an amount according to proof.

## PRAYER FOR RELIEF

36. WHEREFORE, Plaintiff prays that judgment be entered against Defendant as follows:

On the First Cause of Action:

1. For actual damages, in an amount to be proven at trial, pursuant to 15 U.S.C. 1692k(a)(1), along with prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered;

2. For statutory damages pursuant to 15 U.S.C. 1692k(a)(2)(A) in the amount of $1,000;

3. For Plaintiff's reasonable attorney's fees and costs incurred in connection herewith pursuant to 1692k(a)(3);

4. For such other relief as the Court may deem just and proper.

On the Second Cause of Action:

1. For compensatory damages in an amount according to proof, along with prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered;

2. For such other relief as the Court may deem just and proper.

On the Third Cause of Action:

1. For compensatory damages in an amount according to proof, along with prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered;

2. For such other relief as the Court may deem just and proper.

Dated August 25, 2011                                 Respectfully Submitted,

                                                       Patrick J. Venne,
                                                       Attorney for the Plaintiff
                                                       Law Office of Patrick J. Venne
                                                       157 Wolcott Street,
                                                       Portland, ME 04102
                                                       (207) 899-0265
                                                       land.planning.law@gmail.com